24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Randell L. HALVORSEN, Plaintiff-Appellant,
v.
MONTANA RAIL LINK, INC., a Montana Corporation, Defendant-Appellee.
 No. 92-37026.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1994.
Decided May 5, 1994.
 
 Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Randell Halvorsen appeals the district court's denial of his motion for a new trial. We review such a denial for abuse of discretion. United States v. 99.66 Acres of Land, 970 F.2d 651, 658 (9th Cir.1992). Halvorsen argues that the district court did abuse its discretion because the jury verdict, which found in his favor but awarded him no damages in his negligence action against the railroad, was clearly contrary to the weight of the evidence.
 
 
 3
 The district court held that Halvorsen failed properly to preserve his objection. Our decision in Philippine Nat'l Oil Co. v. Garrett Corp., 724 F.2d 803, 806 (9th Cir.1984), states that the time to object to a zero-damages verdict is when that verdict is read. Failure to object before the jury is discharged constitutes waiver of the objection. Id. Halvorsen does not contend that he preserved his objection, but instead that he was not required to object because Philippine Nat'l Oil is distinguishable.
 
 
 4
 Philippine Nat'l Oil involved a negligent misrepresentation claim where the jury found for the plaintiff but awarded no damages on this claim. Since the jury instructions had declared that reliance damages to the plaintiff were a necessary component of the tort of negligent misrepresentation, the plaintiff/appellant argued that the district court had abused its discretion by denying its motion for a new trial. The Philippine Nat'l Oil court stated: "What [plaintiff/appellant] complains of is a jury verdict in its favor that fails to award damages.... We hold that [plaintiff/appellant] waived its right to object to the verdict by failing to object when the verdict was read." Id.
 
 
 5
 In parallel fashion, Halvorsen here complains that the jury determined that the railroad breached its duty of care and that the railroad's breach was a proximate cause of his knee injury, yet it awarded him no damages. He is left with the precise argument that we rejected in Philippine Nat'l Oil.
 
 
 6
 Halvorsen maintains that Philippine Nat'l Oil is inapposite, however, on the ground that the case involved a general verdict accompanied by answers to interrogatories rather than the special verdict form employed here. Although we have not addressed the specific issue of objections to special verdicts awarding no damages, we have in other situations stated that Fed.R.Civ.P. 49(a) does not require preservation of objections to alleged inconsistencies in special verdicts. See, e.g., Grosvenor Properties Ltd. v. Southmark Corp., 896 F.2d 1149, 1151 (9th Cir.1990); Pierce v. Southern Pacific Transp. Co., 823 F.2d 1366, 1370 (9th Cir.1987) (distinguishing special verdicts under Rule 49(a) from general verdicts accompanied by answers to interrogatories under Rule 49(b)).
 
 
 7
 We leave resolution of this issue for another case, for, even accepting arguendo Halvorsen's attempt to distinguish Philippine Nat'l Oil, we must still reject his challenge to the zero-damages verdict. We may affirm the district court on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 8
 Halvorsen based his motion for a new trial on the purported inconsistency of the jury's special verdict answers finding the railroad negligent but awarding zero damages. Although his brief on appeal attempts to recast this claim as an objection to the damages award as clearly contrary to the weight of the evidence, we must reject this rhetorical device. Halvorsen's district court opening brief supporting his motion for a new trial merely termed the damages award "inconsistent," and his district court reply brief began with the following:
 
 
 9
 Plaintiff filed its[ ] motion for a new trial in the above case because the juries[ ] answers to special interrogatories, finding negligence on the part of Defendant, as a cause of an injury to the plaintiff, are logically inconsistent with its subsequent conclusion that the plaintiff sustained no damages as a result of that negligently caused injury.
 
 
 10
 The opening brief did contain a weight of the evidence claim, but this claim went exclusively to the jury's answer to a different interrogatory (violation of the Automatic Coupler Act) and Halvorsen has not raised it in appealing the denial of his new trial motion.
 
 
 11
 The Seventh Amendment requires courts to respect a jury's special verdict whenever "there is a view of the case that makes the jury's answers to special interrogatories consistent." Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364 (1962); see also Grosvenor Properties, 896 F.2d at 1151 ("We must reconcile the jury's verdict responses by the use of any reasonable theory consistent with the evidence.").
 
 
 12
 A review of the trial court record indicates that substantial evidence suggested that Halvorsen lacked credibility. The jury may have found that his claimed pain and suffering (the railroad paid his medical bills and he lost no wages) were so minimal as to merit no compensation. Alternatively, finding that Halvorsen bore partial (50% fault) responsibility for the accident, the jury may have concluded that the railroad's payment of all his medical bills and lost wages represented adequate aggregate compensation, even though it believed the evidence of his pain and suffering.
 
 
 13
 The jury's answers to the special verdict interrogatories were not necessarily inconsistent. The district court thus did not abuse its discretion in denying Halvorsen's motion for a new trial.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3